UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES EARL EVANS, SR.,

                    Plaintiff,

-against-

DOCTOR D. JUSTE; JANE DOES, HYGIENIST,

                    Defendants.

22-CV-9767 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, who is currently held in the Orange County Jail, brings this *pro se* action alleging that defendants provided him with inadequate medical care. The Court construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983, and claims under state law. By order dated January 5, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") -- that is, without prepayment of fees.[1]

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Dr. D. Juste through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.[3]

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons, complete the USM-285 form with the address for Dr. D. Juste, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   January 5, 2023
         White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL
United States District Judge

---

[3] Because the complaint does not allege any facts explaining how the Jane Doe hygienist was personally involved in the events giving rise to Plaintiff's claims, the Court declines to issue an order directing the Orange County Jail to assist in identifying this defendant at this time.

## DEFENDANT AND SERVICE ADDRESS

Dr. D. Juste
Orange County Jail
110 Wells Farm Road
Goshen, NY 10924